**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| PERMIAN BASIN PETROLEUM ASSOCIATION, et al., | ) ) ) | |
| *Plaintiffs,* | ) ) | No. 7:23-cv-00049-DC-RCG |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | ) ) ) | |
| *Defendants.* | ) ) | |

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' ORGINAL COMPLAINT

Federal Defendants the United States Department of the Interior; the United States Fish and Wildlife Service ("FWS"); Deb Haaland, in her official capacity as Secretary of the Interior; and Martha Williams, in her official capacity as Director of the FWS (collectively, "Federal Defendants") by and through the undersigned attorney of record, answer all claims and allegations raised against them in the Original Complaint ("Complaint") of Permian Basin Petroleum Association, National Cattlemen's Beef Association, Texas Cattle Feeder's Association, Kansas Livestock Association, Oklahoma Cattlemen's Association, and New Mexico Cattle Grower's Association (collectively, "Plaintiffs"), filed as ECF No. 3 in Case No. 7:23-cv-00049-DC-RCG (W.D. Tex.). The numbered paragraphs of this Answer correspond to the numbered paragraphs in the Complaint. All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied. In response to the like-numbered paragraphs in Plaintiffs' Complaint, Federal Defendants hereby state and aver as follows:

1.      Federal Defendants admit the allegation in Paragraph 1 that on November 25, 2022, FWS published a decision listing two distinct population segments of the lesser prairie-chicken under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.* Federal Defendants deny the allegation in Paragraph 1 that the two distinct population segments were listed "as threatened and endangered" and aver that FWS listed the northern distinct population segment as threatened and the southern distinct population segment as endangered.

2.      The allegations in the first and second sentences of Paragraph 2 consist of characterizations of Plaintiffs' suit and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 2. Further, through the citation in footnote 1, Paragraph 2 purports to characterize a legal decision, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decision.

3.      Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the third sentence of Paragraph 3 that "Plaintiffs and their members have incurred . . . expenses necessary to avoid actions now prohibited by the ESA" and in the fourth sentence of Paragraph 3 that "Plaintiffs have also suffered impairment of their operations and business opportunities" and "experienced diminishment of their interests in lands and minerals" and deny them on that basis. The remaining allegations in Paragraph 3 contain unsupported speculation and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 consist of characterizations of Plaintiffs' suit, which require no response.

5.      Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 5 and deny them on that basis. The allegations in the sixth and seventh sentences of Paragraph 5 purport to characterize written comments, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of these comments. The allegations in the eighth sentence of Paragraph 5 are too vague and ambiguous to permit a response and also purport to characterize a final rule published at 87 Fed. Reg. 72,674 (Nov. 25, 2022) and issued under Section 4 of the ESA titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status with Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population Segment" ("Final Rule"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The allegations in the ninth, tenth, eleventh, twelfth, and thirteenth sentences of Paragraph 5 contain unsupported speculation and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

6.      Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 6 and deny them on that basis. The allegations in the fourth and fifth sentences of Paragraph 6 contain unsupported speculation and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

7.      Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 7

and deny them on that basis. The allegations in the fifth and sixth sentences of Paragraph 7 contain unsupported speculation and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

8.      Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 8 and deny them on that basis. The allegations in the fifth and sixth sentences of Paragraph 8 contain unsupported speculation and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

9.      Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 9 and deny them on that basis. The allegations in the fifth and sixth sentences of Paragraph 9 contain unsupported speculation and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

10.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 10 and deny them on that basis. The allegations in the fourth and fifth sentences of Paragraph 10 contain unsupported speculation and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

11.     Regarding the allegations in Paragraph 11, Federal Defendants admit that the Department of the Interior is a federal agency charged with administration of the ESA but aver that the Department of the Interior shares that responsibility with the U.S. Department of Commerce, depending on the species at issue.

12.     Federal Defendants admit the allegation in the first sentence of Paragraph 12 that Deb Haaland is the Secretary of the Interior. The remaining allegations in the first sentence of Paragraph 12 consist of characterizations of Plaintiffs' suit, which require no response. Federal Defendants admit the allegations in the second sentence of Paragraph 12.

13.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 13. The allegations in the third sentence of Paragraph 13 describe Plaintiffs' terminology in the Complaint and require no response.

14.     Federal Defendants admit the allegation in the first sentence of Paragraph 14 that Martha Williams is the Director of the FWS. The remaining allegations in the first sentence of Paragraph 14 consist of characterizations of Plaintiffs' suit, which require no response. Federal Defendants admit the allegations in the second sentence of Paragraph 14.

15.     The allegations in Paragraph 15 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

16.     The allegations in Paragraph 16 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

17.     The allegations in Paragraph 17 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

18.     The allegations in Paragraph 18 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

19.     The allegations in Paragraph 19 purport to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

20.     The allegations in the first and second sentences of Paragraph 20 purport to characterize the APA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute. The allegations in the third, fourth, and fifth sentences of Paragraph 20 purport to characterize legal decisions, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decisions.

21.     The allegations in the first, second, and fourth sentences of Paragraph 21 purport to characterize legal decisions, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decisions. The allegations in the third sentence of Paragraph 21 purport to characterize the APA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

22.     The allegations in Paragraph 22 purport to characterize legal decisions, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decisions.

23.     The allegations in Paragraph 23 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

24.     The allegations in Paragraph 24 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

25.     The allegations in Paragraph 25 purport to characterize a notice of FWS policy published at 61 Fed. Reg. 4,722 (Feb. 7, 1996) titled "Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act" ("DPS Policy"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

26.     The allegations in Paragraph 26 purport to characterize the DPS Policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

27.     The allegations in Paragraph 27 purport to characterize the DPS Policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

28.     The allegations in Paragraph 28 purport to characterize the ESA and the DPS Policy, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and the DPS Policy. In addition, the allegations in Paragraph 28 state legal conclusions, which require no response.

29.     The allegations in Paragraph 29 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

30.     The allegations in Paragraph 30 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

31.     The allegations in the first sentence of Paragraph 31 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute. The remaining allegations in Paragraph 31 purport to characterize a FWS policy published at 68 Fed. Reg. 15,100 (Mar. 28, 2003) titled "Policy for Evaluation of Conservation Efforts When Making Listing Decisions" ("PECE"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

32.     The allegations in Paragraph 32 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

33.     The allegations in the first sentence of Paragraph 33 purport to characterize a draft policy published at 65 Fed. Reg. 37,102 (June 13, 2000) titled "Announcement of Draft Policy for Evaluation of Conservation Efforts When Making Listing Decisions," which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the draft policy. The allegations in the second sentence of Paragraph 33 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

34.     The allegations in Paragraph 34 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

35.     The allegations in Paragraph 35 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

36.     The allegations in the fifth sentence of Paragraph 36 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations. The remaining allegations in Paragraph 36 purport to characterize the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and regulations.

37.     The allegations in Paragraph 37 purport to characterize the ESA and a final rule published in the Federal Register, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and the rule.

38.     The allegations in the first sentence of Paragraph 38 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute. The allegations in the second sentence of Paragraph 38 are too vague and ambiguous to permit a response.

39.     The allegations in Paragraph 39 purport to characterize the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and regulations.

40.     The allegations in Paragraph 40 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

41.     The allegations in Paragraph 41 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

42.     Federal Defendants admit the allegations in the first sentence of Paragraph 42. The remaining allegations in Paragraph 42 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

43.     Regarding the allegations in the first sentence of Paragraph 43, Federal Defendants deny the allegation that lesser prairie-chickens prefer habitat consisting of short-grass species. Federal Defendants admit the remaining allegations in the first sentence of Paragraph 43. The allegations in the second sentence of Paragraph 43 are too vague and ambiguous to permit a response. Federal Defendants admit the allegations in the third sentence of Paragraph 43 but aver that lesser prairie-chickens are found in habitats other than those identified in the Complaint.

44.     Federal Defendants admit the allegation in Paragraph 44 that Andrews County, Texas is within the Midland-Odessa Division of the Western District of Texas but deny the allegation that the current occupied range of the lesser prairie-chicken includes any part of Andrews County, Texas.

45.     The allegations in Paragraph 45, including the figure provided, purport to characterize a document titled "Species Status Assessment Report for the Lesser Prairie-Chicken

*Fed. Defs.' Answer to Pls.' Original Complaint*                                    10

(*Tympanuchus pallidicinctus*)" (May 31, 2021) ("Species Status Assessment"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment.

46.     The allegations in Paragraph 46 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

47.     The allegations in the first, second, and third sentences of Paragraph 47 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the fourth sentence of Paragraph 47 and aver that the 2012 lesser prairie-chicken population was estimated between 20,938 and 39,385 individuals.

48.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 48 and deny them on that basis. Federal Defendants deny the allegation in the second sentence of Paragraph 48 that the Range Wide Plan is "permitted by the Service." The remaining allegations in the second sentence and the allegations in the third, fourth, fifth, sixth, seventh, and eighth sentences of Paragraph 48 purport to characterize the Range Wide Plan, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Range Wide Plan. The allegations in the ninth and tenth sentences of Paragraph 48 purport to characterize unidentified statements of FWS, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the unidentified comments.

49.     Federal Defendants admit the allegations in the first sentence of Paragraph 49 that "the Service . . . approved a Candidate Conservation Agreement with Assurances ("*CCAA*") with oil and gas industry members" and that "other CCAAs exist that are unrelated to the oil and gas industry" related to the lesser prairie-chicken. The remaining allegations in the first sentence of Paragraph 49 are too vague and ambiguous to permit a response. The remaining allegations in Paragraph 49 purport to characterize a document entitled "Range-Wide Oil and Gas Candidate Conservation Agreement with Assurances for the Lesser Prairie-Chicken (*Tympanuchus pallidicinctus*) In Colorado, Kansas, New Mexico, Oklahoma, and Texas" ("Range Wide Plan CCAA"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Range Wide Plan CCAA.

50.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 50 and deny them on that basis. The remaining allegations in Paragraph 50 purport to characterize the Range Wide Plan CCAA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Range Wide Plan CCAA.

51.     The allegations in the fourth sentence of Paragraph 51 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations. The remaining allegations in Paragraph 51 purport to characterize the Final Rule; a final ESA listing rule published at 79 Fed. Reg. 19,974 (Apr. 10, 2014) titled "Endangered and Threatened Wildlife and Plants; Determination of Threatened Status for the Lesser Prairie-Chicken" ("2014 Listing Rule"); and unidentified public comments, which speak for themselves

and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule, the 2014 Listing Rule, and the unidentified public comments.

52.     The allegations in Paragraph 52 purport to characterize filings in a court proceeding and a legal decision, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the filings and legal decision.

53.     The allegations in Paragraph 53 purport to characterize a final rule published at 81 Fed. Reg. 47,047 (July 20, 2016) titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken Removed From the List of Endangered and Threatened Wildlife," which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the final rule.

54.     Federal Defendants deny the allegations in Paragraph 54 and aver that any observed increase in the lesser prairie-chicken populations from 2013-2021 is likely due to increased precipitation following a period of severe drought. The best available scientific information indicates that the lesser prairie-chicken populations have experienced long-term population decreases, which are projected to continue. Plaintiffs provide the citation "Docket No. FWS-R2-ES-2021-0015, 87 Fed. Reg. 72,674, 72,677 (Nov. 25, 2022)," which is part of the Final Rule, for Figure 2 in Paragraph 54. The Final Rule speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

55.     The allegations in the first sentence and the first phrase of the second sentence of Paragraph 55 purport to characterize the contents of a petition and a FWS finding published at 81

Fed. Reg. 86,315, 86,317 (Nov. 30, 2016) titled "Endangered and Threatened Wildlife and Plants; 90-Day Findings on Three Petitions," which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of these documents. Federal Defendants deny the allegations in the second phrase of the second sentence of Paragraph 55.

56.     Federal Defendants admit the allegations in the first sentence of Paragraph 56. The remaining allegations in Paragraph 56 purport to characterize a lawsuit, filings in a court proceeding, and a settlement agreement, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of these documents.

57.     Federal Defendants admit the allegation in the first sentence of Paragraph 57 that the Western Association of Fish and Wildlife Agencies ("WAFWA") began revising the Range Wide Plan CCAA before FWS's deadline to issue a new listing determination. The allegations in the fourth sentence of Paragraph 57 purport to characterize a revision to the Range Wide Plan CCAA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the revision to the Range Wide Plan CCAA. Federal Defendants deny the remaining allegations in Paragraph 57.

58.     The allegations in Paragraph 58 purport to characterize a settlement agreement and a proposed rule published at 86 Fed. Reg. 29,432 (June 1, 2021) titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status with Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population Segment" ("Proposed Rule"), which speak for themselves and provide the

best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the settlement agreement and Proposed Rule.

59.     Federal Defendants deny the allegations in the final sentence of Paragraph 59 and aver that FWS properly considered and responded to all substantive comments received during the public comment period. The remaining allegations in Paragraph 59 purport to characterize the contents of public comments, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the public comments.

60.     The allegations in Paragraph 60 purport to characterize a notification, a lawsuit, and filings in a court proceeding, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of these documents.

61.     Federal Defendants admit the allegation in the first sentence of Paragraph 61 that FWS published a final rule regarding the lesser prairie chicken on November 25, 2022. The remaining allegations in the first sentence of Paragraph 61 are too vague and ambiguous to permit a response. The remaining allegations in Paragraph 61 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

62.     The allegations in Paragraph 62 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

63.     Federal Defendants deny the allegations in Paragraph 63.

64.     The allegations in the first sentence of Paragraph 64 purport to characterize an unidentified FWS policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the unidentified FWS policy. Federal Defendants deny the allegations in the second sentence of Paragraph 64.

65.     Regarding the first sentence of Paragraph 65, Federal Defendants deny the allegation that any determination in the Final Rule was made due to the "prompting of various environmental groups." The remaining allegations in the first, second, and fourth sentences of Paragraph 65 purport to characterize the 2014 Listing Rule and the Final Rule, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the 2014 Listing Rule and the Final Rule. Federal Defendants deny the allegations in the third sentence of Paragraph 65.

66.     The allegations in Paragraph 66, including the figure provided, purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

67.     Federal Defendants deny the allegation in Paragraph 67 that FWS "performed a cursory and arbitrary application" of the DPS Policy. The remaining allegations in Paragraph 67 purport to characterize the DPS Policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

68.     The allegations in the first and second sentences of Paragraph 68 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.

Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the third, fourth, and sixth sentences of Paragraph 68. The allegations in the fifth sentence of Paragraph 68 purport to characterize an unidentified study, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the study.

69.     The allegations in the first and second sentences of Paragraph 69 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the third, fourth, and fifth sentences of Paragraph 69.

70.     The allegations in the first sentence of Paragraph 70 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the remaining allegations in Paragraph 70.

71.     The allegations in the first sentence of Paragraph 71 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment. Federal Defendants deny the remaining allegations in Paragraph 71.

72.     Federal Defendants deny the allegations in the first sentence of Paragraph 72. The allegations in the second sentence of Paragraph 72 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The allegations in the third and fourth sentences of Paragraph 72 purport to characterize the 2014 Listing Rule,

which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the 2014 Listing Rule.

73.     The allegations in the first sentence of Paragraph 73 purport to characterize the Final Rule and the 2014 Listing Rule, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and 2014 Listing Rule. Federal Defendants deny the allegations in the second sentence of Paragraph 73.

74.     Federal Defendants deny the allegations in the first, second, fifth, and sixth sentences of Paragraph 74. The allegations in the third and fourth sentences of Paragraph 74 purport to characterize the Final Rule and/or the Species Status Assessment, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and Species Status Assessment.

75.     Federal Defendants deny the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

77.     The allegations in Paragraph 77 purport to characterize the Final Rule, a legal decision, and the contents of public comments, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule, the legal decision, and the public comments.

78.     The allegations in the first and second sentences of Paragraph 78 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.

Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The allegations in the third sentence of Paragraph 78 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE. The allegations in the fourth sentence of Paragraph 78 purport to characterize the Final Rule and a legal decision, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and the legal decision.

79.     The allegations in the first sentence of Paragraph 79 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants admit the allegation in the second sentence of Paragraph 79 that WAFWA made changes to the Range Wide Plan CCAA in 2021 but otherwise deny the remaining allegations. The allegations in the third sentence of Paragraph 79 are too vague and ambiguous to permit a response.

80.     The allegations in the first phrase of the first sentence of Paragraph 80 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the remaining allegations in Paragraph 80.

81.     Federal Defendants deny the allegation in Paragraph 81 that FWS refused to "properly consider all conservation efforts." The remaining allegations in Paragraph 81 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its

contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

82.     Federal Defendants deny the allegations in Paragraph 82.

83.     The allegations in the first sentence of Paragraph 83 purport to characterize the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and regulations. The allegations in the second sentence of Paragraph 83 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

84.     The allegations in the first sentence of Paragraph 84 purport to characterize a FWS policy published at 59 Fed. Reg. 34,272 (July 1, 1994) titled "Endangered and Threatened Wildlife and Plants: Notice of Interagency Cooperative Policy for Endangered Species Act Section 9 Prohibitions," which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the policy. Federal Defendants deny the allegations in the second sentence of Paragraph 84. Federal Defendants deny the allegation in the third sentence of Paragraph 84 that the Final Rule is vague. The remaining allegations in the third sentence of Paragraph 84 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

85.     The allegations in the first and second sentences of Paragraph 85 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the

Final Rule. Federal Defendants deny the allegations in the third sentence of Paragraph 85. The allegations in the fourth sentence of Paragraph 85 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

86.    Federal Defendants deny the allegation in the first sentence of Paragraph 86 that the Grazing Exception "outsourc[es] the ESA's enforcement obligations to unidentified third parties." Federal Defendants admit the remaining allegations in Paragraph 86 but aver that although the public did not have a formal opportunity to comment on the specifics of the Grazing Exception included in the Final Rule, FWS had no legal requirement to facilitate such an opportunity. Federal Defendants further aver that FWS included the Grazing Exception in the Final Rule in response to public comments on the Proposed Rule requesting the inclusion of a grazing provision in the final 4(d) Rule.

87.    The allegations in the first sentence of Paragraph 87 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The allegations in the second and third sentences of Paragraph 87 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Proposed Rule. Federal Defendants deny the allegations in the fourth sentence of Paragraph 87.

88.    Federal Defendants admit the allegation in Paragraph 88 that Plaintiffs provided FWS a letter styled as a notice of intent to sue dated January 19, 2023, but aver that Federal Defendants replied to that letter on March 7, 2023. Federal Defendants deny the remaining allegations in Paragraph 88.

89.     Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 88 of the Answer.

90.     The allegations in Paragraph 90 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

91.     Federal Defendants deny the allegations in Paragraph 91.

92.     Federal Defendants deny the allegations in Paragraph 92.

93.     Federal Defendants deny the allegations in Paragraph 93.

94.     Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 93 of the Answer.

95.     The allegations in the first and second sentences of Paragraph 95 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE. The allegations in the third sentence of Paragraph 95 purport to characterize a legal decision, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decision.

96.     Federal Defendants deny the allegations in Paragraph 96.

97.     Federal Defendants deny the allegations in Paragraph 97.

98.     Federal Defendants deny the allegations in Paragraph 98.

99.     Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 98 of the Answer.

100.    The allegations in the first sentence of Paragraph 100 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants

deny any allegations inconsistent with the plain language and meaning of the statute. The allegations in the second sentence of Paragraph 100 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the remaining allegations in Paragraph 100.

101.     The allegations in the first sentence of Paragraph 101 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute. Federal Defendants deny the remaining allegations in Paragraph 101.

102.     Federal Defendants deny the allegations in Paragraph 102.

103.     Federal Defendants deny the allegations in Paragraph 103.

104.     Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 103 of the Answer.

105.     Federal Defendants deny the allegations in the first sentence of Paragraph 105. The allegations in the second sentence of Paragraph 105 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The allegations in the third sentence of Paragraph 105 purport to characterize the DPS Policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

106.     The allegations in Paragraph 106 purport to characterize the DPS Policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

107.    Federal Defendants deny the allegations in Paragraph 107.

108.    Federal Defendants deny the allegations in Paragraph 108.

109.    Federal Defendants deny the allegations in Paragraph 109.

110.    Federal Defendants deny the allegation in Paragraph 110 that FWS failed to offer a "reasonable explanation" for its determination. The remaining allegations in Paragraph 110 purport to characterize the Final Rule and the 2014 Listing Rule, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and 2014 Listing Rule.

111.    Federal Defendants deny the allegations in Paragraph 111.

112.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 111 of the Answer.

113.    The allegations in the first sentence of Paragraph 113 purport to characterize the APA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute. Federal Defendants deny the remaining allegations in Paragraph 113.

114.    Federal Defendants deny the allegation in the first sentence of Paragraph 114 that FWS failed to follow its own policy. The remaining allegations in the first sentence of Paragraph 114 purport to characterize a FWS policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the policy. Federal Defendants deny the allegations in the second and fourth sentences of Paragraph 114 that the Final Rule is vague. The remaining allegations in the second and fourth sentences of Paragraph 114 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations

inconsistent with the plain language and meaning of the Final Rule. The allegations in the third sentence of Paragraph 114 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the fifth sentence of Paragraph 114 purport to characterize a legal decision, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decision. Federal Defendants deny the allegations in the sixth and seventh sentences of Paragraph 114.

115.    Federal Defendants deny the allegations in Paragraph 115.

116.    Federal Defendants deny the allegations in Paragraph 116.

117.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 116 of the Answer.

118.    The allegations in Paragraph 118 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

119.    Federal Defendants deny the allegations in Paragraph 119.

## RESPONSE TO REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief, which requires no response. To the extent a response is required, Federal Defendants deny that they have violated the Endangered Species Act, the Administrative Procedure Act, or any other law, and deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been admitted or responded to, Federal Defendants deny any and all such allegations.

## **AFFIRMATIVE DEFENSES**

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  Federal Defendants reserve the right to assert any other claims or defenses as may be
    available or may become available during the course of these proceedings.

WHEREFORE, Federal Defendants pray that this Court dismiss Plaintiffs' Complaint,
grant judgment in favor of Federal Defendants, and grant other such relief as the Court deems
just and appropriate.

Respectfully submitted this 2nd day of June, 2023,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
S. JAY GOVINDAN, Section Chief
Wildlife and Marine Resources Section
MEREDITH L. FLAX, Asst. Section Chief
Wildlife and Marine Resources Section

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK
Trial Attorney
Maryland Bar No. 2112140244
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0269 (tel.)
(202) 305-0275 (fax)
caitlyn.cook@usdoj.gov

*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK

*Attorney for Federal Defendants*