**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| PERMIAN BASIN PETROLEUM ASSOCIATION; NATIONAL CATTLEMEN'S BEEF ASSOCIATION; TEXAS CATTLEFEEDER'S ASSOCIATION; KANSAS LIVESTOCK ASSOCIATION; OKLAHOMA CATTLEMEN'S ASSOCIATION; AND NEW MEXICO CATTLE GROWERS ASSOCIATION, | |
| Plaintiffs, | Civil Action No. 7:23-cv-49 |
| v. | **PROPOSED DEFENDANT-INTERVENORS' ANSWER** |
| U.S. DEPARTMENT OF THE INTERIOR; U.S. FISH AND WILDLIFE SERVICE; DEBRA HAALAND, in her official capacity as SECRETARY OF THE INTERIOR; MARTHA WILLIAMS, in her official capacity as DIRECTOR OF THE U.S. FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

Proposed Defendant-Intervenors Center for Biological Diversity and Texas Campaign for the Environment hereby answer all claims and allegations raised in the Original Complaint of the Permian Basin Petroleum Association et al., filed as ECF No. 3 in Case No. 7:23-cv-49-DC-RCG (W.D. Texas). In response to the like-numbered paragraphs of Plaintiffs' Complaint, the Proposed Defendant Intervenors state and aver as follows:

## I.      INTRODUCTION

1.      Admit.

2.      The allegations in sentences one and two of paragraph 2 constitute Plaintiffs' characterization of its case, which do not require a response. The allegations in sentence three and four of paragraph 2 constitute legal conclusions, which do not require a response. To the extent that a response is required, Proposed Defendant-Intervenors deny the allegations.

3.      The allegations in paragraph 3 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

4.      The allegations in paragraph 4 constitute legal conclusions and Plaintiffs' request for relief, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

## II.      PARTIES

5.      Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentences one through eight of paragraph 5 and, on that basis, deny them. The allegations in sentences nine through twelve of paragraph 5 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

6.      Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentences one and two of paragraph 6 and, on that basis, deny them. The allegations in sentences three and four of paragraph 6 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

7.      Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentences one through four paragraph 7 and, on that

basis, deny them. The allegations in sentences five and six of paragraph 7 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

8.      Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentences one, two and three of paragraph 8 and, on that basis, deny them. The allegations in sentences four and five of paragraph 8 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

9.      Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentences one through four of paragraph 9 and, on that basis, deny them. The allegations in sentences five and six of paragraph 9 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

10.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentences one, two and three of paragraph 10 and, on that basis, deny them. The allegations in sentences four and five of paragraph 10 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

11.     The allegations in paragraph 11 constitute legal conclusions, which do not require a response.

12.     With respect to the allegations in paragraph 12, Proposed Defendant-Intervenors admit only that Deb Haaland is the Secretary of Interior and is being sued in her official capacity.

The remaining allegations in paragraph 12 constitute legal conclusions, which do not require a response.

13.     With respect to the allegations in paragraph 13, Proposed Defendant-Intervenors admit only that the U.S. Fish and Wildlife Service ("Service") is an agency within the Department of Interior that lists terrestrial species under the Endangered Species Act ("ESA"). The remaining allegations in paragraph 13 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response.

14.      With respect to the allegations in paragraph 14, Proposed Defendant-Intervenors admit only that Director Martha Williams oversees the Service and is being sued in her official capacity. The remaining allegations in paragraph 14 constitute legal conclusions, which do not require a response.

### III.     JURISDICTION AND VENUE

15.     The allegations in paragraph 15 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

16.     The allegations in paragraph 16 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

17.     The allegations in paragraph 17 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

18.     The allegations in paragraph 18 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

## IV.     LEGAL FRAMEWORK

19.     The allegations in paragraph 19 purport to describe or characterize the contents of the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

20.     The allegations in paragraph 20 purport to describe or characterize the contents of the APA and Supreme Court and 5th Circuit opinions, which speak for themselves and are the best evidence of their contents. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context. The remaining allegations in paragraph 20 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

21.     The allegations in paragraph 21 purport to describe or characterize the contents of the APA and 5th Circuit and Supreme Court opinions, which speak for themselves and are the best evidence of their contents. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context. The remaining allegations in paragraph 21 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

22.     The allegations in paragraph 22 purport to describe or characterize the contents of Supreme Court and 5th Circuit opinions, which speak for themselves and are the best evidence of their contents. Proposed Defendant-Intervenors deny any allegations contrary to their plain

language, meaning, and context. The remaining allegations in paragraph 22 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

23.     The allegations in paragraph 23 purport to describe or characterize the contents of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

24.     The allegations in sentences one and three paragraph 24 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in sentence two of paragraph 24 purport to describe or characterize the contents of the ESA, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

25.     The allegations in paragraph 25 purport to describe or characterize the contents of the Policy Regarding the Recognition of Distinct Vertebrate Population Segments under the ESA ("DPS Policy"), which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

26.     The allegations in paragraph 26 purport to describe or characterize the contents of the DPS Policy, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

27.     The allegations in paragraph 27 purport to describe or characterize the contents of the DPS Policy which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

28.     The allegations in paragraph 28 constitute legal conclusions, which do not require a response. To the extent that a response is required, Proposed Defendant-Intervenor denies the allegations.

29.     The allegations in paragraph 29 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in paragraph 23 also purport to describe or characterize the contents of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

30.     The allegations in sentences one, two and four of paragraph 30 purport to describe or characterize the contents of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The remaining allegations in paragraph 30 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

31.     The allegations in paragraph 31 purport to describe or characterize the contents of the PECE Policy, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

32.     The allegations in paragraph 32 purport to describe or characterize the contents of the PECE Policy, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

33.     The allegations in paragraph 33 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required,

Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 33 purport to describe or characterize the contents of the PECE Policy, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

34.     The allegations in paragraph 34 purport to describe or characterize the contents of the PECE Policy, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

35.     The allegations in paragraph 35 purport to describe or characterize the contents of the PECE Policy, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

36.     The allegations in sentences one through four of paragraph 36 purport to describe or characterize the contents of the ESA and regulations implementing the ESA, which speaks for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context. The allegations in sentence five of paragraph 36 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

37.     The allegations in paragraph 37 purport to describe or characterize the contents of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

38.     The allegations in sentence one of paragraph 38 purport to describe or characterize the contents of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

The allegations in sentence two of paragraph 38 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

39.     The allegations in paragraph 39 purport to describe or characterize the contents of the ESA and regulations implementing the ESA, which speaks for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

40.     The allegations in paragraph 40 purport to describe or characterize the contents of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

41.     The allegations in sentence one of paragraph 41 purport to describe or characterize the contents of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

## V.     BACKGROUND

42.     With respect to the allegations in paragraph 42, Proposed-Defendant Intervenors admit only that the lesser prairie-chicken is a species of prairie grouse native to the southern high plains of the United States. Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 42, and on that basis, deny them.

43.     Admit.

44.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 44 and, on that basis, deny them.

45.     The allegations in paragraph 45 purport to describe or characterize the contents of the Species Status Assessment Report, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

46.     The allegations in sentence one of paragraph 46 constitute Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in sentence two of paragraph 46 purport to describe or characterize the contents of the Listing Decision, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

47.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, deny them. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

48.     Proposed Defendant-Intervenors admit only that the Range Wide Plan is administered by the Western Association of Fish and Wildlife Agencies. The Range Wide Plan speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, deny them.

49.     The Range Wide Plan Candidate Conservation Agreement with Assurances speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors otherwise lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 49 and, on that basis, deny them.

50.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, deny them.

51.     The allegations in sentence one of paragraph 51 purport to describe or characterize the contents of the 2014 Listing Decision, which speaks for itself and is he best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The remaining allegations in paragraph 51 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

52.     The allegations in paragraph 52 purport to describe or characterize the contents of this court's decision in *Permian Basin Petroleum Ass'n v. Dep't of the Interior*, 127 F. Supp. 3d 700, 725 (W.D. Tex. 2015), which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

53.     Admit.

54.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, deny them.

55.     Proposed Defendant-Intervenors admit that environmental groups petitioned the Service to list the lesser prairie-chicken as endangered. The listing petition speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors also admit that the Service "took no further action for several years." To the extent any other response is required, Proposed Defendant-Intervenors deny the allegations.

56.     Admit as to sentence one of paragraph 56. The remaining allegations in paragraph 56 purport to describe or characterize the contents of *Defenders of Wildlife et al v. Bernhardt*, 19-

CV-1709 (D.D.C), which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

57.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 57 and, on that basis, deny them.

58.      The allegations in paragraph 58 purport to describe or characterize the contents of the Proposed Rule, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

59.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, deny them. Additionally, the allegations in the final sentence of paragraph 59 constitute Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

60.     Admit.

61.     Proposed Defendant-Intervenors admit that the Service entered a Final Rule regarding the species' status as published at 87 Fed. Reg. 72,674 (Nov. 25, 2022). The Final Rule speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The remaining allegations in paragraph 61 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response.

62.     The allegations in paragraph 62 purport to describe or characterize the contents of the Species Status Assessment Report and the Final Rule which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

63.     The allegations in paragraph 63 purport to describe or characterize the contents of the Species Status Assessment Report which speaks for itself and is the best evidence of its content. The remaining allegations constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

64.     The allegations in paragraph 64 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

65.     The allegations in paragraph 65 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

66.     The allegations in paragraph 66 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

67.     The allegations in paragraph 67 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

68.     The allegations in paragraph 68 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 68 purport to describe or characterize the contents of the Final Rule and DPS Policy, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

69.     The allegations in paragraph 69 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 69 purport to describe or characterize the contents of the Final Rule and DPS Policy, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

70.     The allegations in paragraph 70 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 70 purport to describe or characterize the contents of the Final Rule and DPS Policy, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

71.     The allegations in paragraph 71 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 71 purport to describe or characterize the contents of the SSA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

72.     The allegations in paragraph 72 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 72 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is

the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

73.     The allegations in paragraph 73 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

74.     The allegations in paragraph 74 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

75.     The allegations in paragraph 75 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

76.     The allegations in paragraph 76 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

77.     The allegations in paragraph 77 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

78.     The allegations in paragraph 78 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 70 purport to describe or characterize the contents of the Final Rule and PECE Policy, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

79.     The allegations in paragraph 79 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

80.     The allegations in paragraph 80 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

81.     The allegations in paragraph 81 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

82.     The allegations in paragraph 82 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

83.     The allegations in sentence one of paragraph 83 purport to describe or characterize the contents of the ESA and regulations implementing the ESA, which speaks for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context. The allegations in sentence two of paragraph 83 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

84.     The allegations in paragraph 84 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 84 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is

the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

85.     The allegations in paragraph 85 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

86.     The allegations in paragraph 86 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 86 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

87.     The allegations in paragraph 87 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 87 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

88.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 88 and, on that basis, deny them.

## VI.    CLAIMS FOR RELIEF

89.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

90.     The allegations in paragraph 90 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

91.     The allegations in paragraph 91 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

92.     The allegations in paragraph 92 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

93.     The allegations in paragraph 93 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

94.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

95.     The allegations in sentences one and two of paragraph 95 purport to describe or characterize the contents of the Final Rule and PECE Policy, which speaks for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context. The allegations in sentence three of paragraph 95 purport to describe or characterize the contents of a decision by this Court, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

96.     The allegations in paragraph 96 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

97.     The allegations in paragraph 97 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

98.     The allegations in paragraph 98 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

99.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

100.    The allegations in paragraph 100 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

101.    The allegations in paragraph 101 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 101 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

102.    The allegations in paragraph 102 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

103.    The allegations in paragraph 103 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

104.    Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

105.    The allegations in paragraph 105 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

106.    The allegations in paragraph 106 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

107.    The allegations in paragraph 107 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

108.    The allegations in paragraph 108 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

109.    The allegations in paragraph 109 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

110.    The allegations in paragraph 110 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

111.     The allegations in paragraph 111 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

112.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

113.     The allegations in paragraph 113 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

114.     The allegations in paragraph 114 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

115.     The allegations in paragraph 115 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

116.     The allegations in paragraph 116 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

117.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

118.     The allegations in paragraph 118 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

119.     The allegations in paragraph 119 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

## CONCLUSION & PRAYER

The remaining paragraphs of Plaintiffs' complaint constitute a request for relief to which no response is required.

## **GENERAL DENIAL**

Proposed Defendant-Intervenors deny each and every allegation of Plaintiff's Complaint not otherwise expressly admitted, qualified, or denied herein.

DATED:  June 5, 2023                        Respectfully submitted,

IRVINE & CONNER PLLC

by:   */s/ Charles Irvine*
CHARLES IRVINE
Texas Bar No. 24055716
charles@irvineconner.com
4709 Austin St.
Houston, Texas 77004
Telephone: (713) 533-1704

CENTER FOR BIOLOGICAL DIVERSITY

Lauren A. Parker
(*Pro hac vice pending*)
lparker@biologicaldiversity.org
Jason C. Rylander
(*Pro hac vice pending*)
jrylander@biologicaldiversity.org
1411 K Street NW, Suite 1300
Washington, D.C. 20005
Telephone: (202) 961-4820

*Attorneys for Proposed Defendant-Intervenors*
*Center for Biological Diversity and Texas*
*Campaign for the Environment*